**Roland G. DESMARAIS, Administrator, etc., Plaintiff, Appellant,**

v.

**Herbert A. GENTLE et al., Defendants, Appellees.**

**No. 6397.**

United States Court of Appeals First Circuit.

March 11, 1965.

Jerome G. Daviau, Waterville, Me., for appellant.

Malcolm Berman, Houlton, Me., for appellees.

Before ALDRICH, Chief Judge, SWEENEY, Chief Judge, and WYZANSKI, District Judge.

ALDRICH, Chief Judge.

This is an action for wrongful death (only) of plaintiff's decedent, as the result of the collision of a car and a truck on a Maine highway, brought in the district court on the ground of diversity. The case was tried to the court, which found in the defendants' favor both on the issue of their negligence and of the contributory negligence of the deceased. Plaintiff appeals.

Basic to the appeal are two contentions with respect to evidence. One is that because the case was tried to the court it was not necessary for the plaintiff to object, and that if evidence was taken without objection the plaintiff was nonetheless entitled to have the court disregard it when it came to make a decision.* Plaintiff's second point is, if anything, even more novel. It is that where he objected to certain testimony, but, following a conference at the bench, agreed to a ruling excluding some, but admitting the balance, even that balance to which he specifically (but, he now says, wrongfully) agreed should not have been considered by the court because, as an administrator, plaintiff had no authority to waive any rights of the estate.

It is not surprising that no authority can be found for either of these propositions. One may well ask how a case could ever be effectively tried were either of them sound.

Next, plaintiff discusses an alleged statutory presumption of due care of the deceased, apparently unmindful of the fact that it has long been repealed.

---

* "No objection was made because counsel rested confident that none of this was admissible and, therefore, the court would ignore it." (Plaintiff's written argument before this Court.)

See O'Connell v. Hill, 1961, 157 Me. 57, 58, 170 A.2d 402. The defendant does have the burden on the issue of contributory negligence (Maine Civil Practice Rule 8(c)), but this the court fully recognized.

Once the plaintiff's strictures with regard to the evidence are disposed of, we are presented by detailed findings of fact against the plaintiff on his burden of proving negligence, and in favor of the defendants on their burden of proving contributory negligence. On the full record we find no merit in plaintiff's contentions that either (he must prove both) of these sets of findings was erroneous as matter of law.

Affirmed.

